# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KARRY L. THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 12-2565-KHV |
| BERRY PLASTICS CORPORATION, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

The Court has ordered plaintiff to show cause why it should not sustain Defendant's Motion For Summary Judgment (Doc. #34) filed May 3, 2013 for reasons set forth in the Court's order and in defendant's briefs. See Order To Show Cause (Doc. #49) filed April 7, 2014. Plaintiff has responded, see Plaintiff's Response To Order To Show Cause (Doc. #51) filed April 10, 2014, and the Court is prepared to rule. For reasons set forth below the Court sustains defendant's motion.

1. As plaintiff states, Paul Watson did not observe plaintiff's work but obtained information primarily through daily group leader emails which provided updates on the previous night's shift. Watson terminated plaintiff's employment because of production errors, but the record undermines plaintiff's statement that production errors are "the very kind of issue for which Watson relied exclusively on Morton for his information." Doc. #51 at 1. Morton was one of eight supervisors to discipline plaintiff and Morton issued only five of the 13 or more disciplinary write-ups that plaintiff received. Plaintiff received one of those write-ups (a suspension) when he was temporarily assigned to the Injection Printing Department, and that suspension was a major factor in Watson's decision to place plaintiff on a last chance agreement.

2. As to race discrimination, plaintiff admitted that a production error occurred on

September 10 where product was run without a tag line. Contrary to plaintiff's assertion, there is no evidence that Wilks told Morton that "Plaintiff was not at fault for the production error" or that Morton "falsely reported" the incident to Watson. See Doc. #51 at 2. Plaintiff was the print technician on the shift and both he and the print operator (Arnold) were subject to discipline for this error because technicians are responsible for overseeing operators with respect to quality control.

While the September 10 production error was the last straw, Watson testified that it was Berry's progressive discipline system and plaintiff's advancement through a last chance agreement before September 10 which caused Watson to terminate plaintiff's employment. A reasonable juror would not have an evidentiary basis to find that Morton disregarded exculpatory evidence, made a false report to Watson or intended that the false report would cause plaintiff's termination.

3. Plaintiff offers no reason why summary judgment should not be entered on his age discrimination claim.

4. As to retaliation, plaintiff has no evidence that Watson knew about plaintiff's complaint in the August 9 meeting that Morton was discriminating against him. Watson was the decision-maker; if he did not know of plaintiff's complaint, he could not retaliate.

Plaintiff has not persuaded the Court that genuine issues of material fact exist or of other reasons why summary judgment should not be entered in favor of defendant.

**IT IS THEREFORE ORDERED** that Defendant's Motion For Summary Judgment (Doc. #34) filed May 3, 2013 shall be and hereby is **SUSTAINED** for substantially the reasons stated in Defendant's Memorandum In Support Of Motion For Summary Judgment (Doc. #35) filed May 3, 2013, at pages 1 through 19 (ending before section A) and pages 21 (starting at section B) through 31, and Defendant's Reply in Support Of Motion For Summary Judgment (Doc. #37) filed

June 6, 2013 (except for Section V).

Dated this 15th day of April, 2014 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
KATHRYN H. VRATIL  
United States District Judge